## Wilson v. Union Steel Castings Company, Appellant.

*Negligence—Master and servant—Dangerous machine—Inspection— Case for jury.*

In an action against a steel company by an employee to recover damages for personal injuries the case is for the jury where it appears that the plaintiff was hit on the head while at work by a loose pinion falling from a crane which was being operated over his head, and the evidence is conflicting as to whether there had been any proper inspection of the crane, or any system of inspection adopted by the defendant which might have avoided the accident.

Argued Oct. 26, 1908. Appeal, No. 51, Oct. T., 1908, by defendant, from judgment of C. P. No. 4, Allegheny Co., Third Term, 1907, No. 310, on verdict for plaintiff in case of Thomas Wilson v. Union Steel Castings Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial the jury returned a verdict for plaintiff for $3,000.

On a motion for judgment non obstante veredicto CARNAHAN, J., filed the following opinion :

The plaintiff was employed by defendant as a molder. His place of employment was in a mill used for the manufacture of steel castings. He worked underneath an elevated railway track, or runway, upon which was operated a crane, which was moved over the track to various parts of the building by means of electricity. By means of this crane heavy materials were lifted and carried away. There were other cranes in the building; but this particular one was used exclusively in the aisle where the molders worked, was in daily use during working hours, and was almost constantly being moved back and forth over the heads of the various molders while they were engaged at their work. A craneman occupied a small box or cab suspended from the lower part of the crane, and he directed its movements by means of levers in the cab.

This aisle where the molders were located was thirty or thirty-five feet in width, and the crane was sufficiently large to occupy most of this width overhead. Its movements were subject to the orders of the molder ; that is, when a mold was to be removed, the molder notified the craneman, who then ran his crane to the point desired and lowered the lifting apparatus. The molder then hooked on his mold and it was taken away.

On the morning of August 8, 1906, at seven o'clock, the plaintiff and other molders went to work at their accustomed places. At about 9:30 A. M. this crane was run along the aisle and stopped immediately over the heads of the plaintiff and another molder. The lifting appartus was lowered and something was hooked on to it by the molders, but when the craneman turned on the power to raise the apparatus, with its freight, the machinery failed to work. Looking up from his cab with a view to discovering, if possible, what was wrong, he saw, some eight or nine feet above him, a loose pinion or small cogwheel eight or nine inches in diameter about to fall, having slipped or worked loose from its place at the end of the shaft. He immediately gave warning to the plaintiff, who was standing below, but almost at that instant the pinion fell, a distance of some seventeen or eighteen feet, and struck the plaintiff a glancing blow on the head, causing the injury for which damages are here asked.

At the trial the plaintiff claimed that the defendant was negligent in not having provided a suitable and adequate system of inspection of the cranes used in the mill, and particularly of this crane, and that its negligence in this respect was the proximate cause of the injury. In support of this claim several witnesses who worked alongside plaintiff and in the immediate neighborhood of the place where the crane was used and operated testified that they had seen no regular inspection and that they were there at their work throughout each day. They had seen repairmen occasionally look over the crane, but there was no regularity nor frequency of inspection. They testified that after the accident the inspections were regular every morning.

In behalf of the defendant it was claimed that the cranes, including this one, were inspected frequently, on Friday and

Sunday of each week, by regular inspectors, also by repairmen when making repairs, and also by the cranemen when they oiled the machinery, which was a daily occurrence. Testimony to this effect was given. The operator of this particular crane testified that when he oiled, morning and evening, he inspected this crane. It was not his habit to make a minute or detailed inspection by striking with a hammer this or that pinion, bolt, screw or piece of machinery, but simply to glance over the machine and endeavor to detect by the eye defects that might exist. This crane inspection he had made the evening before when he oiled, but on the morning of the accident he was late and omitted to oil or make such inspection as he usually made when oiling ; that morning he made no inspection at all.

The defendant claimed and offered testimony to show that these inspections were more frequent and thorough than those at other similar mills or shops in this locality, and they were sufficient to relieve from the charge of negligence. The plaintiff claimed that the evidence showed a lack of system and a careless, inadequate method of inspection which amounted to negligence. The defendant asked for binding instructions, which were refused, and the case was given to the jury, with instructions to determine whether the system and method of inspection was reasonable and adequate or not—bearing in mind the testimony as to the custom of other similar mills— and if not, whether such inadequacy of inspection was the proximate cause of the injury.

There was no question of contributory negligence, nor did the court consider that there was any question of risk assumed by the plaintiff that released defendant from liability.

*Error assigned* among others was in overruling motion for judgment non obstante veredicto.

*Wm. S. Dalzell*, of *Dalzell, Fisher & Hawkins*, for appellant, cited : Smith v. Traction Co., 202 Pa. 54; Hall v. Simpson, 203 Pa. 146 ; Price v. R. R. Co., 202 Pa. 176 ; Martin v. Ry. Co., 200 Pa. 603 ; Titus v. R. R. Co., 136 Pa. 618 ; Leonard v. Herrmann, 195 Pa. 222 ; Sage v. B. & O. R. R. Co., 219 Pa. 129.

*Wm. A. Stone,* with him *Stephen Stone* and *Albert P. Meyer,* for appellee, cited : Newton v. Vulcan Iron Works, 199 Pa. 646 ; Finnerty v. Burnham, 205 Pa. 305 ; Lillie v. American Car & Foundry Co., 209 Pa. 161.

PER CURIAM, January 4, 1909 :

The judgment is affirmed on the opinion of the learned judge below, refusing to enter judgment non obstante veredicto.